U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JUN 1 3 2008

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| A.W., a minor by and through her next friend, C.W. | : | DOCKET NO. 08 CV 576 |
| VS. | : | JUDGE MINALDI |
| CALCASIEU PARISH SCHOOL BOARD | : | MAGISTRATE JUDGE KAY |

### REASONS FOR RULING

Before the Court is a Motion for Temporary Restraining Order, filed on April 24, 2008 by the plaintiff A.W., a minor by and through her next friend, C.W. (hereinafter "A.W.") [doc. 2]. The defendant, Calcasieu Parish School Board (hereinafter "CPSB") filed an Opposition on April 28, 2008 [doc. 7]. Given the immediacy of the relief requested–the hearing was on April 30, 2008 and the relief was requested for May 1, 2008–this Court denied A.W.'s request for Temporary Restraining Order from the bench. This Memorandum Ruling articulates the Court's reasons for denying the Temporary Restraining Order.

### FACTS

A.W. is a student and the Chaplain of the Fellowship of Christian Athletes (hereinafter "FCA") at F.K. White Middle School in Lake Charles, Louisiana.[1] A.W. brought suit against CPSB for denying the FCA's request for transportation to the Just for Jesus event scheduled for

---

[1] Compl. ¶¶ 1-2 [doc. 1]. CPSB recognizes several non-curriculum related student clubs, including: FCA Clubs, Key Clubs, Beta Clubs, 4-H Clubs, Big Brothers/Big Sisters, Students Against Destructive Decisions, Book Clubs, Chess Clubs, and International Clubs. Pl.'s Ex. C 92-379. CPSB permits these groups to take field trips, and provides school transportation for these field trips. *Id.*

May 1, 2008.[2] CPSB has a policy whereby student clubs may take field trips after submitting a written request form ten (10) days in advance and receiving approval.[3] A.W. argues that the FCA was denied equal access to benefits and privileges that other student groups enjoy based on the religious speech of the FCA.[4] A.W. states that without transportation, several FCA members will be unable to attend the Just for Jesus event.[5] As proof, A.W. offers an affidavit signed with only initials by seven (7) fellow FCA members stating that they want to attend the Just for Jesus event, but cannot do so without school-provided transportation.[6]

Last year, the Just for Jesus rally took place on May 3, 2007.[7] After the event ended, shots were fired near the Wendy's restaurant on Lakeshore Drive, across from the Civic Center.[8] As a result, students were injured and fearful.[9] The teenagers arrested for the incident did not attend the event.[10]

On August 21, 2007, Miller sent a letter to James Bertrand, the founder of Just for Jesus,

---

[2] Compl. ¶ 2.

[3] *Id.* ¶ 3.

[4] *Id.* ¶ 5.

[5] *Id.* ¶ 6.

[6] Pl.'s Ex. F (FCA Aff.)

[7] Def.'s Ex. D-4 (*Lake Charles American Press* Article, May 4, 2007).

[8] *Id.*

[9] *Id.*

[10] Pl.'s Ex. K (Cynthia Clay Guillory Lands Aff.)

stating that the requested field trip in the 2007-2008 school year would not be approved.[11] On March 11, 2008, Leo Miller, the Assistant Superintendent, addressed the CPSB Administration and Personnel Committee.[12] At the meeting, Miller cited safety concerns regarding last year's Just for Jesus Rally as part of his reason for denying the FCA's request for transportation.[13] Miller also stated that he rescinds field trips "due to safety, cost, distance, correlation with curriculum, appropriate number of chaperones, and disruption."[14]

CPSB denied the FCA's request for field trip and transportation approval at its April 8, 2008 meeting.[15] Bertrand attended the April 8, 2008 CPSB meeting and gave a presentation on the Just for Jesus event.[16] CPSB denied the request pursuant to an 8-4 vote.[17] Miller and other school officials encouraged the Just for Jesus organizers to schedule the event after school or on a weekend.[18] CPSB promised to give any student wishing to participate in the event an excused absence.[19]

On April 14, 2008, A.W.'s counsel sent a letter to CPSB advising that its denial of

---

[11] Def.'s Ex. D-3.

[12] Def.'s Ex. D-2 (Leo Miller Aff.)

[13] *Id.*

[14] *Id.*

[15] Compl. ¶ 36.

[16] Pl.'s Ex. H-390 (James Bertrand Aff. ¶¶ 4, 11).

[17] *Id.* ¶ 10.

[18] Def.'s Ex. D-2 (Leo Miller Aff.)

[19] *Id.*

transportation to the Just for Jesus event violated A.W.'s First Amendment and Equal Access Act rights, and requested the Board reverse its decision.[20] On April 17, 2008, CPSB's counsel advised A.W.'s counsel that its decision would stand.[21] On April 21, 2008, A.W.'s counsel spoke with CPSB's counsel and advised him of the plaintiff's intent to file a lawsuit.[22]

CPSB's policies on field trips prohibit the scheduling of extracurricular activities, like the Just for Jesus rally, during instructional time.[23] The policies do, however, permit excused absences.[24] In deciding whether to approve field trips, Miller considers safety and disruption, although there is no formal policy that articulates permissible criteria.[25]

## ANALYSIS

FED. R. CIV. P. 65(a) articulates the procedures required for a preliminary injunction.

> A preliminary injunction is an extraordinary remedy that should only issue if the movant shows (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disservice the public interest.

*Ridgely v. Fed. Emergency Mgmt. Agency*, 2008 WL 54799, *5 (5th Cir. 2008). Preliminary injunctions are extraordinary remedies that courts should only grant when the party seeking the

---

[20] Compl. ¶ 60.

[21] *Id.* ¶ 61.

[22] *Id.* ¶ 62.

[23] Def.'s Exs. D-8 through D-11.

[24] Def.'s Ex. D-10.

[25] Def.'s Ex. D-2 (Leo Miller Aff.)

4

injunction has "clearly carried the burden of persuasion on all four requirements." *Karaha Bodas Co. v. Perusahaan Pertambagan*, 335 F.3d 357, 365 (5th Cir. 2003). Moreover, "the decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Mississippi Power & Light Co. v. United States*, 760 F.2d 618, 621 (5th Cir. 1985). When the preliminary injunction seeks not to preserve the status quo, but to provide mandatory relief, "the burden on the moving party is particularly heavy." *Punnett v. Carter*, 621 F.2d 578 (3d Cir. 1980).

Because this Court ruled from the bench that A.W. failed to meet her burden of demonstrating a substantial threat of irreparable injury if the injunction was not granted, the Court will first address this factor. CPSB did not prohibit A.W. and FCA members from attending the Just for Jesus event. In fact, CPSB granted students attending the event an excused absence. A.W. argues that without school-provided transportation, she and other FCA members would be unable to attend. This argument is unavailing for several reasons.

The FCA members' affidavit is not notarized, but rather is executed pursuant to 28 U.S.C. § 1746, which permits unsworn affidavits if executed with the language, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)(signature)." When an affidavit is executed pursuant to a statute, as the FCA members' affidavit is, the affidavit must be signed to be valid. 3 Am. Jur.2d *Affidavits* § 9. The affidavit is merely initialed by the seven FCA members, and not signed. An unsigned affidavit is not a certified sworn statement, and is thus inadmissible. 2A C.J.S. *Affidavits* § 55. Thus, the FCA affidavit is not a certified sworn statement and is therefore inadmissible as evidence.

Furthermore, even if the affidavit were admissible, CPSB proffered contradictory evidence that Just for Jesus was accepting donations to provide transportation for students. If the

students were able to attend the event, regardless of whether Just for Jesus provided the transportation or whether CPSB provided the transportation, there is simply no injury.

A.W. argues that she is entitled to a presumption of irreparable harm because she is filing for relief under the EAA and the First Amendment. *See Straights and Gays for Equality (SAGE) v. Issei Area Schools-Dist. No. 271*, 471 F.3d 908, 913 (8th Cir. 2006) (noting that the Supreme Court has held "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"). This Court rejects A.W.'s assertion. Neither the Supreme Court nor the Fifth Circuit have recognized that students have a First Amendment right to have school-provided and publicly-funded transportation to a religious event. Furthermore, even if there is such a right, the students had access to transportation via Just for Jesus such that they could attend the event, and therefore there is no threat of the denial of First Amendment freedoms for any amount of time.

Mindful that preliminary injunctions are extraordinary remedies that are the exception and not the rule, and the plaintiff's burden is particularly heavy here because she seeks mandatory relief and not merely to preserve the status quo, this Court finds that the plaintiff has not clearly carried the burden of persuasion as to showing a substantial likelihood of irreparable injury. Because the plaintiff must prove all four requirements for a preliminary injunction to issue, this Court need not go any further in explaining its rationale for denying the plaintiff's request for Temporary Restraining Order.

Lake Charles, Louisiana, this 13 day of June, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

6